**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
csanders@barshaysanders.com
Our File No.: 119765

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| Amham Havi, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Transworld Systems Inc. and Pendrick Capital Partners II, LLC, | |
| Defendants. | |

Amham Havi, individually and on behalf of all others similarly situated ( "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Transworld Systems Inc. ("Transworld") and Pendrick Capital Partners II, LLC ("Pendrick") (collectively "*Defendants*"), as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367.

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendants conducted business within the State of Jersey.

## PARTIES

5.     Plaintiff Amham Havi is an individual who is a citizen of the State of New Jersey residing in Ocean County, New Jersey.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Transworld Systems Inc., is an Illinois Corporation with a principal place of business in Lake County, Illinois.

9.     On information and belief, Defendant Pendrick Capital Partners II, LLC, is a New York Limited Liability Company with a principal place of business in Warren County, New York.

## FACTUAL ALLEGATIONS

10.     Defendant Transworld Systems Inc. regularly collects or attempts to collect debts asserted to be owed to others.

11.     Defendant Transworld Systems Inc. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12.     The principal purpose of Defendant Transworld Systems Inc.'s business is the collection of such debts.

13.     Defendant Transworld Systems Inc. uses the mails in its debt collection business.

14.     Defendant Transworld Systems Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15.     Defendant Pendrick Capital Partners II, LLC is in the business of purchasing consumer debts which are in default and collecting on same.

16.     The principal purpose of Pendrick Capital Partners II, LLC, LLC's business is the collection of such debts.

17.     Defendant Pendrick Capital Partners II, LLC, LLC is not the original creditor of any loan to Plaintiff.

18.     On information and belief, based upon the representation contained in the collection letter more fully described *infra.,* the original creditor for the loan at issue was "Comenity Bank".

19.     Defendant Pendrick Capital Partners II, LLC uses the mails in its debt collection business.

20.     On information and belief, Defendant Pendrick Capital Partners II, LLC, hired Defendant Transworld Systems Inc. to collect the alleged Debt.

21.     Defendant Pendrick Capital Partners II, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22.     Defendant Pendrick Capital Partners II, LLC is liable for its own actions, and is additionally liable for the actions of its agent, Transworld Systems Inc.

23.     Defendants allege Plaintiff owes a debt (the "alleged Debt").

24.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

25.     The alleged Debt does not arise from any business enterprise of Plaintiff.

26.     The alleged Debt—to the extent it exists—arises from personal medical services provided to Plaintiff.

27.     The alleged Debt—to the extent it exists—is a "debt" as defined by 15 U.S.C. § 1692a(5).

28.     At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

29.     At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

30.     In their efforts to collect the alleged Debt, Defendants contacted Plaintiff in writing, including by letter dated July 24, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as Exhibit 1).

31.     The Letter conveyed information regarding the alleged Debt.

32.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33.     The Letter was received and read by Plaintiff.

34.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

35.     Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

36.     Plaintiff's injury is directly traceable to Defendants' conduct, because Defendants sent the Letter.

37.     A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

38.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

39.     Plaintiff has been misled by Defendants' actions.

40.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

41.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause her unwarranted economic harm.

42.     As a result of Defendants' conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

43.     As a result of Defendants' conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

44.     Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## **FIRST COUNT**
### **15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f**

45.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt.

47.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

48.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

49.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

50.     The Letter sates that Plaintiff owes the alleged Debt to Pendrick Capital Partners II, LLC, as the current creditor, on account of monies purportedly owed to "Kibmall Emerg Med Assoc LLC."

51.     Plaintiff did not owe any monies to "Kibmall Emerg Med Assoc LLC" on the date the Letter was sent by Defendants.

52.     Plaintiff did not owe any monies to "Kibmall Emerg Med Assoc LLC" on the date the Letter was received by Plaintiff.

53.     Plaintiff is enrolled in Medicaid.

54.     Other than for co-pays, Medicaid patients may not be balance-billed.

55.     The alleged Debt is not a co-pay, but rather represents unlawful balance billing.

56.     By sending a collection letter to Plaintiff to collect on the alleged Debt, Defendants misrepresented the status of the debt as collectible, when it was not.

57.     By sending a collection letter to Plaintiff to collect on the alleged Debt, Defendants misrepresented the status of the debt as owed, when it was not

58.     As such, Defendants violated Sections 1692e and 1692f of the FDCPA.

59.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692f and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

60.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

5

61.     Plaintiff seeks to certify the following class:

62.     All consumers to whom Defendants sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which Letter was sent on or after a date one year prior to the filing of this action to the present.

63.     This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

64.     The Class consists of more than thirty-five persons.

65.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

66.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

67.     Plaintiff will fairly and adequately protect and represent the interests of the Class.  The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

68.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a.    Certifying this action as a class action; and

b.    Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.    Finding Defendants' actions violate the FDCPA; and

d.    Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

e.    Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1); and

f.    Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

g.    Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: April 20, 2021

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
_Attorneys for Plaintiff_
Our File No.: 119765